[944 NYS2d 562]

In the Matter of RICHARD D. SOKOLOFF (Admitted as RICHARD DAVID SOKOLOFF), an Attorney, Respondent. GRIEVANCE COMMITTEE FOR THE TENTH JUDICIAL DISTRICT, Petitioner.

Second Department, April 24, 2012

APPEARANCES OF COUNSEL

*Robert A. Green,* Hauppauge (*Leslie B. Anderson* of counsel), for petitioner.

*Long, Tuminello, Besso, Seligman, Werner & Sullivan, LLP,* Bay Shore (*David H. Besso* and *Michelle Aulivola* of counsel), for respondent.

## OPINION OF THE COURT

Per Curiam.

The respondent was served with a petition containing five charges of professional misconduct. After a hearing, the Special Referee sustained charges one through four, but did not sustain charge five. The Grievance Committee for the Tenth Judicial District (hereinafter the Grievance Committee) moves to confirm the report of the Special Referee. The respondent cross-moves to confirm that portion of the report which did not sustain charge five; to disaffirm that portion of the report which sustained charges one through four; and to limit the sanction imposed, if any, to an admonition. The charges emanate from a common set of factual allegations stemming from the respondent's handling of a collection matter on behalf of Eastern Infectious Disease Associates (hereinafter EIDA), against Diana Manor and Joseph Manor (hereinafter together the Manors).

On or before February 20, 2006, the respondent was retained by EIDA, a Suffolk County entity, to collect payment of a $307 debt allegedly owed to EIDA by the Manors. At or around that time, the respondent caused to be mailed a computer-generated form letter (hereinafter the first dunning letter), addressed to the Manors at their Coram residence, advising them that he had been retained by EIDA to recover the alleged $307 debt. Pursuant to the Fair Debt Collection Practices Act (15 USC § 1692k), the first dunning letter advised the Manors, in part, as follows:

> "Unless you notify this office within 30 days after receiving this notice that you dispute the validity of the debt or any portion thereof, this office will assume this debt is valid. If you notify this office in writing within 30 days from receiving this notice,

this office will obtain verification of the debt or obtain a copy of a judgment and will mail you a copy of such verification or judgment."

On or about February 24, 2006, the respondent's office received a letter from the Manors dated February 22, 2006, which, among other things, disputed the validity of the alleged debt.

On or about March 14, 2006, less than 30 days after sending the first dunning letter to the Manors, the respondent caused a second computer-generated form letter (hereinafter the second dunning letter) to be mailed to the Manors at their Coram residence. The second dunning letter stated that no reply had been received to the first dunning letter, and warned the Manors that if reasonable arrangements were not made to satisfy the debt, the account would be reported as delinquent to a credit reporting agency.

On or about March 20, 2006, the respondent's office received a letter from the Manors dated March 16, 2006, advising that they had, in fact, disputed the debt within the 30-day time limit provided by the first dunning letter, and providing a copy of the return receipt reflecting that the respondent's office had received their first letter on February 24, 2006.

On or about April 26, 2006, the respondent caused to be prepared a computer-generated summons and verified complaint for an action to be commenced in the First District Court, Suffolk County, entitled *Eastern Infectious Disease Assoc. v Manor,* under index No. CEC 06-005863 (hereinafter the first action), seeking a judgment against the Manors in the amount of $307. At or about that time, the respondent executed the summons in the first action.

On or about May 1, 2006, Arthur Klein, the president of EIDA, verified the truth of the matters stated in the verified complaint in the first action by executing same before a Suffolk County notary public. On or about May 24, 2006, the respondent forwarded the summons and verified complaint in the first action to a process server for service upon the Manors. Upon information and belief, at all relevant times herein, the respondent used Lawrence Murray Browne, a licensed process server, to effect service in most, if not all, of his Suffolk County collection matters.

On or about July 3, 2006, Browne executed two affidavits of service in the first action, both of which purported that "nail and mail" service of the summons and verified complaint had been effectuated upon the Manors at their Coram residence on

June 20, 2006, at 1:00 P.M., after two unsuccessful attempts at serving them on June 7, 2006, at 7:25 P.M. and June 13, 2006, at 8:40 P.M., respectively. The two affidavits in the first action also reflected that the summons and verified complaint were mailed to the Manors on June 30, 2006. Browne executed the two affidavits of service in the first action before a notary public using a pseudonym, to wit, "Murray Brown." The respondent was aware that Browne used the pseudonym "Murray Brown" on affidavits of service prepared in connection with the respondent's matters. The two affidavits of service were filed with the First District Court, Suffolk County.

On or about July 31, 2006, the respondent's office was served with a motion brought by the Manors, pursuant to CPLR 3211 (a) (8), to dismiss the first action on the ground of lack of personal jurisdiction due to improper service of the summons and verified complaint. The respondent did not oppose the Manors' motion to dismiss the first action, which was returnable on August 15, 2006. By order on motion dated September 25, 2006, the First District Court, Suffolk County (Flanagan, J.), granted the Manors' unopposed motion to dismiss the first action for lack of personal jurisdiction.

On or about October 17, 2006, the respondent prepared a summons and verified complaint in a second action to be commenced in the First District Court, Suffolk County, entitled *Eastern Infectious Disease Assoc. v Manor,* under index No. CEC 06-0013204 (hereinafter the second action), seeking a judgment against the Manors in the amount of $307. The verified complaint prepared and executed by the respondent in the second action was not a computer-generated form but, rather, a document manually drafted by the respondent specifically for the second action. The respondent executed the summons in the second action and verified the truth of the matters stated in the verified complaint by executing an attorney's affirmation on the second page of the document. In the attorney's affirmation, the respondent affirmed, as follows: "The reason this verification is made by me, and not by plaintiff, is that plaintiff is not in Suffolk County, where plaintiff's attorney has his office." In fact, the respondent's client and the plaintiff in the second action, EIDA, was located in Suffolk County at all relevant times herein.

On or about November 9, 2006, the respondent caused the summons and verified complaint in the second action to be filed, and an index number to be purchased, in the First District

Court, Suffolk County. The respondent forwarded the summons and verified complaint in the second action to Browne for service upon the Manors.

On or about January 2, 2007, the respondent received two affidavits of service from Browne dated December 20, 2006, reflecting service of the summons and verified complaint in the second action upon the Manors. The first of the two affidavits of service reflected that "Lawrence M. Browne" purported to have effectuated "nail and mail" service upon Joseph Manor at the Coram residence on December 5, 2006, at 7:48 P.M., after two unsuccessful attempts on "00/00/00" and "00/00/00." The second of the two affidavits of service reflected that "Lawrence Browne" purported to have served a person of suitable age and discretion, a "Mr. Manor," at the Coram residence on December 5, 2006, at 7:48 P.M., the exact same time he purported in the first affidavit of service to have served Joseph Manor by "nail and mail." The two affidavits of service also reflected that the summons and verified complaint were mailed to the Manors on December 20, 2006. Browne executed the two affidavits of service before a notary public using the name "Lawrence Browne." The notary public who purportedly notarized Browne's signature and took his oath with respect to the contents of the affidavits of service was the respondent's wife, Andrea R. Sokoloff. On or about January 2, 2007, the respondent caused the two affidavits of service to be filed with the First District Court, Suffolk County.

On or about February 17, 2007, the respondent's office was served with a motion brought by the Manors, pursuant to CPLR 3211 (a) (8), to dismiss the second action on the ground of lack of personal jurisdiction due to improper service of the summons and verified complaint. By order on motion dated March 2, 2007, the First District Court, Suffolk County (Flanagan, J.), granted the Manors' unopposed motion to dismiss the second action on the ground of lack of personal jurisdiction.

On or about March 26, 2007, the respondent or his staff prepared a computer-generated summons and verified complaint in an action to be commenced in the First District Court, Suffolk County, entitled *Eastern Infectious Disease Assoc. v Manor,* under index No. CEC 07-004339 (hereinafter the third action), seeking a judgment against the Manors in the amount of $307. The respondent executed the summons in the third action. Arthur Klein, the president of EIDA, verified the truth of the matters stated in the verified complaint in the third action by executing same before a Suffolk County notary public.

On or about March 7, 2007, the respondent caused the summons and verified complaint in the third action to be filed, and an index number to be purchased, in the First District Court, Suffolk County. At or about that time, the respondent forwarded the summons and verified complaint in the third action to Browne for service upon the Manors.

On or about June 6, 2007, the respondent received an affidavit of service from Browne dated May 22, 2007, reflecting service of the summons and verified complaint in the third action upon Joseph Manor. The affidavit of service reflected that "Lawrence M. Browne" purported to have effectuated "nail and mail" service of the summons and verified complaint in the third action upon Joseph Manor at the Coram residence on May 15, 2007, at 7:48 P.M., after two unsuccessful attempts on May 7, 2007, at 7:28 P.M., and on May 12, 2007, at 7:35 P.M., respectively. The affidavit of service in the third action also reflected that the summons and verified complaint were mailed to Joseph Manor on May 22, 2007. Browne executed the affidavit of service in the third action before a notary public using the name "Lawrence Browne." The notary public who purportedly notarized Browne's signature and took his oath with respect to the content of the affidavit of service in the third action was the respondent's wife, Andrea R. Sokoloff.

On or about June 19, 2007, the respondent caused the affidavit of service upon Joseph Manor in the third action to be filed with the First District Court, Suffolk County.

On or about November 14, 2007, the respondent executed a proposed form "Judgment on Default" against the Manors, in the amount of $482, in connection with the third action. On or about December 18, 2007, the First District Court, Suffolk County, awarded a default judgment in connection with the third action, in the amount of $500.93, including interest and costs, in favor of EIDA against the Manors.

On or about December 27, 2007, the respondent served an "Information Subpoena and Restraining Notice to Garnishee," restraining the Manors' bank account and access to funds.

On or about January 27, 2008, the respondent was served with an order to show cause, executed by the Honorable James P. Flanagan on January 16, 2008, directing the respondent to show cause why an order should not be entered, among other things, vacating the default judgment and dismissing EIDA's complaint against the Manors in the third action on the ground of lack of personal jurisdiction due to improper service of the

summons and verified complaint. In opposition to the order to show cause brought by the Manors, the respondent submitted an affirmation in opposition dated January 27, 2008, wherein he did not address the issue of personal jurisdiction.

In an order dated March 6, 2008, the District Court granted the Manors' motion to vacate the default judgment and dismiss the third action, determining that "Joseph Manor has more than sufficiently rebutted the affidavit of service filed against him," while EIDA "ignored the issue of personal jurisdiction." The District Court directed the respondent to reimburse the Manors the sum of $116.25 for legal processing fees imposed upon them by their bank "due to the improper judgment."

Charge one alleges that the respondent is guilty of conduct prejudicial to the administration of justice, which adversely reflects on his fitness as a lawyer, by engaging in vexatious and abusive practice with respect to the prosecution of a collection matter on behalf of a client against alleged debtors, in violation of Code of Professional Responsibility DR 1-102 (a) (5) and (7) (22 NYCRR 1200.3 [a] [5], [7]).

Charge two alleges that the respondent is guilty of conduct involving dishonesty, fraud, deceit, or misrepresentation by knowingly executing and filing with the First District Court, Suffolk County, an affirmation in the second action wherein he affirmed that he, rather than his client, was verifying the truth of the contents of the complaint because his client was not in the county where the respondent had his office, when, in fact, his client was in the same county, in violation of Code of Professional Responsibility DR 1-102 (a) (4) (22 NYCRR 1200.3 [a] [4]).

Charge three alleges that the respondent is guilty of conduct prejudicial to the administration of justice, which adversely reflects on his fitness as a lawyer, by knowingly executing and filing with the First District Court, Suffolk County, an affirmation in the second action wherein he affirmed that he, rather than his client, was verifying the truth of the contents of the complaint because his client was not in the county where the respondent had his office, when, in fact, his client was in the same county, in violation of Code of Professional Responsibility DR 1-102 (a) (5) and (7) (22 NYCRR 1200.3 [a] [5], [7]).

Charge four alleges that the respondent is guilty of conduct prejudicial to the administration of justice, which reflects adversely on his fitness as a lawyer, by causing affidavits of service to be filed with the First District Court, Suffolk County,

containing false, misleading, or inconsistent information or signatures, in violation of Code of Professional Responsibility DR 1-102 (a) (5) and (7) (22 NYCRR 1200.3 [a] [5], [7]).

In view of the respondent's admissions and the evidence adduced, the Special Referee properly determined that charges one through four should be sustained and that charge five should not be sustained. The Grievance Committee's motion to confirm the report of the Special Referee is granted in its entirety. That branch of the respondent's cross motion which was to confirm so much of the report as did not sustain charge five is granted, and the cross motion is otherwise denied.

In determining an appropriate measure of discipline to impose, we note that the errors in this matter occurred in relative isolation. However, the alleged debtors were repeatedly deprived of the protections afforded them by the Fair Debt Collection Practices Act (15 USC § 1692k).

Notwithstanding the respondent's request that the matter be returned to the Grievance Committee for an admonition, under the totality of circumstances, the respondent is censured for his professional misconduct.

MASTRO, A.P.J., RIVERA, SKELOS, DILLON and LOTT, JJ., concur.

Ordered that the petitioner's motion to confirm the report of the Special Referee is granted; and it is further,

Ordered that the branch of the cross motion of the respondent, Richard D. Sokoloff, admitted as Richard David Sokoloff, which was to confirm that portion of the report as did not sustain charge five is granted, and the cross motion is otherwise denied; and it is further,

Ordered that the respondent, Richard D. Sokoloff, admitted as Richard David Sokoloff, is censured for his professional misconduct.